1

2

3

4

5

6

7              IN THE UNITED STATES DISTRICT COURT

8            FOR THE EASTERN DISTRICT OF CALIFORNIA

9    UNITED STATES OF AMERICA,

10            Respondent,                    No. CR S-02-104-LKK GGH

11        vs.

12    CESAR VALDEZ-SANTOS,

13            Movant.                         ORDER

14    _____/

15    Introduction

16            Movant, a federal prisoner proceeding pro se, has filed a motion to vacate, set

17    aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  Movant sets forth that his trial

18    counsel rendered ineffective assistance by failing to (1) communicate a plea offer; (2) investigate

19    a juror whom movant thought he recognized; (3) request a special verdict form; and (4) present

20    expert testimony at trial or sentencing.  (Motion ("Mot.") at 4-7.)

21            By Order, filed on November 2, 2010, the court ordered the government to

22    respond.  On November 19, 2010, respondent filed a motion to dismiss on the ground that the

23    motion was filed beyond the one-year AEDPA[1] statute of limitations; in the alternative,

24    respondent requested an extension of time to respond to the § 2255 motion on the merits.

25    _____

26         [1]  Anti-Terrorism and Effective Death Penalty Act.

1

1 Movant's opposition was filed on December 20, 2010.

2 Motion to Dismiss

3        Under 28 U.S.C. § 2255, "[a] 1-year period of limitation shall apply to a motion

4 under this section.  The limitation period shall run from the latest of–

5        (1) the date on which the judgment of conviction becomes final;
         (2) the date on which the impediment to making a motion created
6        by governmental action in violation of the Constitution or laws of
         the United States is removed, if the movant was prevented from
7        making a motion by such governmental action;
         (3) the date on which the right asserted was initially recognized by
8        the Supreme Court, if that right has been newly recognized by the
         Supreme Court and made retroactively applicable to cases on
9        collateral review; or
         (4) the date on which the facts supporting the claim or claims
10       presented could have been discovered through the exercise of due
         diligence."
11
   The Ninth Circuit has stated:
12
         Under AEDPA, federal prisoners are typically required to file a
13       motion for habeas relief within one year from "the date on which
         the judgment of conviction becomes final." 28 U.S.C. § 2255. As
14       the Supreme Court has explained, "[b]y 'final,' we mean a case in
         which a judgment of conviction has been rendered, the availability
15       of appeal exhausted, and the time for a petition for certiorari
         elapsed or a petition for certiorari finally denied." Griffith v.
16       Kentucky, 479 U.S. 314, 321 n. 6, 107 S.Ct. 708, 93 L.Ed.2d 649
         (1987) (applying this definition to determine retroactivity of a
17       criminal procedural rule). Moreover, "[a]pplied in the context of a
         criminal prosecution, finality is normally defined by the imposition
18       of the sentence." Flynt v. Ohio, 451 U.S. 619, 620, 101 S.Ct. 1958,
         68 L.Ed.2d 489 (1981) (per curiam); see also Teague v. Lane, 489
19       U.S. 288, 314 n. 2, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989) ("[A]
         criminal judgment necessarily includes the sentence imposed upon
20       the defendant.").

21 U.S. v. LaFromboise, 427 F.3d 680, 683 (9th Cir. 2005).

22        The government moves for dismissal on the grounds that the motion is untimely.

23 (Motion to Dismiss (hereinafter "MTD") at 1-5.)  Citing to the docket of this criminal case,

24 respondent notes that, on February 4, 2005, a jury found movant guilty of possessing, and

25 conspiring to possess and distribute, a listed chemical (pseudoephedrine) with knowledge, or

26 having reasonable cause to believe, that it would be used to manufacture methamphetamine, in

1  violation of Title 21, U.S.C. sections 846 and 841(c)(2).  (MTD at 2; Doc. Nos. 355, 452.)  On

2  May 12, 2005, the district court granted movant's motion for acquittal on the conspiracy count,

3  and transferred venue for the possession count to the Central District of California.  (Id.; Doc.

4  No. 516.)  Respondent appealed the district court's ruling regarding venue to the Ninth Circuit

5  and prevailed.  (Id.; Doc. No. 586.)  On March 13, 2007, movant was sentenced to 207 months in

6  federal prison.  (Id.; Doc. No. 595.)  Movant timely filed an appeal of his conviction.  (Id.; Doc.

7  No. 596.)  On July 2, 2009, the Ninth Circuit affirmed movant's conviction.  (Id.; Doc. No. 615.)

8  The mandate from the Ninth Circuit issued on July 23, 2009.  (Id.; Doc. No. 617.)  Movant did

9  not request rehearing, nor file a petition for writ of certiorari.  (Id.)

10            Citing Clay v. United States, 537 U.S. 522, 532, 123 S. Ct. 1072 (2003),

11  respondent notes that a conviction becomes final when the 90-day period for filing a petition for

12  writ of certiorari expires.  (MTD at 4-5; see also Carrington v. U.S., 503 F.3d 888, 892 (9th Cir.

13  2007) (noting that Sup. CT. R. 13 allows 90 days from a circuit court decision for the filing of a

14  petition for a writ of cert.)).  Therefore, movant's conviction became final 90 days following

15  issuance of the Ninth Circuit's opinion, that is, on October 1, 2009, and the § 2255 motion

16  should have been filed by October 1, 2010.[2]  (MTD at 5.)

17            Here, the motion is file stamped on October 12, 2010, but was signed and dated

18  by movant on October 4, 2010.  (Doc. No. 618 at 1, 11.)  Movant is entitled to the benefit of the

19  mailbox rule[3], and this court will find that the instant § 2255 motion was constructively filed on

20  October 4, 2010.  Nevertheless, respondent is correct that the instant motion, due on or before

21  October 1, 2010, is untimely under the statute.  Granting movant the application of the most

22

23       [2] Carrington explicitly commences the 90-day period at time of decision and not mandate
    issuance.

24

25       [3] The "mailbox rule" applies to applications to both the California and federal courts for
    purposes of calculating tolling of the statute of limitations under AEDPA.  Dils v. Small, 260 F.3d
    984, 986 (9th Cir. 2001); Anthony v. Cambra, 236 F.3d 568, 574-75 (9th Cir. 2000), cert. denied,
26  533 U.S. 941, 121 S.Ct. 2576 (2001).

1  liberal filing date, this § 2255 motion was filed three days beyond the statutory filing deadline.

2  Thus, unless movant is entitled to equitable tolling of this period, his motion is untimely.

3  *Equitable Tolling*

4          In Calderon v. U.S. District Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997),

5  overruled on other grounds, Calderon v. U. S. District Court (Kelly), 163 F.3d 530 (9th Cir.

6  1998), itself abrogated by Woodford v. Garceau, 538 U.S.202, 123 S. Ct. 1398 (2003), the Ninth

7  Circuit found that the statute of limitations could be equitably tolled if extraordinary

8  circumstances beyond a prisoner's control made it impossible to file the petition on time.   "In

9  addition, '[w]hen external forces, rather than a petitioner's lack of diligence, account for the

10 failure to file a timely claim, equitable tolling may be appropriate.'" Lott v. Mueller, 304

11 F.3d 918, 922 (9th Cir. 2002), quoting Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

12         Equitable tolling will not be available in most cases because tolling should only

13 be granted if extraordinary circumstances beyond a prisoner's control make it impossible for him

14 to file a petition on time.  Beeler, 128 F.3d at 1288-89.  As held in Beeler,  "[w]e have no doubt

15 that district judges will take seriously Congress's desire to accelerate the federal habeas process,

16 and will only authorize extensions when this high hurdle is surmounted." 128 F.3d at 1289.

17 "Mere excusable neglect" is insufficient as an extraordinary circumstance.  Miller v. New Jersey

18 Dept. of Corrections, 145 F.3d 616, 619 (3rd Cir. 1998).  Moreover, ignorance of the law does

19 not constitute such extraordinary circumstances.  See Hughes v. Idaho State Bd. of Corrections,

20 800 F.2d 905, 909 (9th Cir. 1986).

21         "Generally, a litigant seeking equitable tolling bears the burden of establishing

22 two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary

23 circumstance stood in his way."  Pace v. DiGuglielmo, 544 U.S. 408, 418, 12 S. Ct. 1807, 1814

24 (2005); Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002) (a habeas petitioner bears the

25 burden of proving that equitable tolling should apply to avoid dismissal of an untimely petition).

26 "Equitable tolling is unavailable in most cases," and is only appropriate "if *extraordinary*

1    circumstances beyond a prisoner's control make it impossible to file a petition on time."

2    Miranda, supra, at 1066 (internal quotations/citations omitted [emphasis added in Miranda]).  A

3    petitioner must reach a "very high" threshold "to trigger equitable tolling [under AEDPA]...lest

4    the exceptions swallow the rule."  Id.

5              Here, movant asserts that he is unable to speak or read in English, and that he has

6    filed the instant motion with the assistance of both a translator and an inmate legal assistant.

7    (Opposition to MTD (hereinafter "Opp.") at 1, 6.)  He states that there are no legal materials

8    concerning section 2255 claims in the prison law library.  (Opp. at 4; see id. at 10 (inmate legal

9    assistant Patrick Bean testifies to same in attached affidavit)).  Movant also states that some of

10   his legal papers were lost in the course of two prison riots in the winter of 2009, including a

11   ruling from the Ninth Circuit Court of Appeals showing the date on which his direct appeal was

12   denied.  (Opp. at 6.)  Even so, he knew that his appeal was denied in July 2009.  (Id. at 3.)

13              Movant states that, between February 2010 and July 2010, he was unable to find

14   anyone to help him file a § 2255 motion because inmates were charging between $150 and $300

15   for such legal assistance and he lacked money to pay them.  (Id. at 6-7.)  In July 2009, a law clerk

16   in the prison library erroneously told movant that he had only until July 2010 to file his § 2255

17   motion, causing movant to believe that "it was already too late."  (Id. at 3, 7.)  However, in late

18   September 2010, movant resumed looking for legal help when a Spanish-speaking inmate told

19   him that an inmate named Patrick Bean did not charge for legal work.  In late September 2010,

20   Bean agreed to assist movant free of charge and told him that he had until October 2010 to file

21   his habeas motion. (Id. at 2, 7-8; see also id. at 9-10 (Bean affidavit)).  In a separate affidavit,

22   Bean states that he had "heard [movant and a translator] in the library on previous occasions

23   seeking assistance about 10 days earlier."  (Id. at 9.)  On October 2, 2010, with the help of his

24   translator and Bean, movant filled out the § 2255 application and mailed it on October 4, 2010.

25   (Id. at 8.)

26   \\\\

1          In Mendoza v. Carey, 449 F.3d 1065 (9th Cir. 2006), the Ninth Circuit found that a

2   non-English speaking petitioner's alleged lack of access to Spanish language materials or

3   translation assistance during the limitations period could entitle the petitioner to equitable tolling.

4   However, the court then determined the record was insufficient to show whether Mendoza had

5   exercised the requisite diligence and remanded the case to allow the district court to clarify

6   ambiguous facts.  Id., 449 F.3d at 1071 n. 6.  The Ninth Circuit stated that "a non-English

7   speaking petitioner seeking equitable tolling must, at a minimum, demonstrate that during the

8   running of the AEDPA time limitation, he was unable, despite diligent efforts, to procure either

9   legal materials in his own language or translation assistance from an inmate, library personnel, or

10   other source."  Id., 449 F.3d at 1070; cf. Rodriguez v. Evans, 2007 WL 951820 at *4-5 (N.D.

11   Cal. 2007) (Rodriguez's allegations that he did not speak English and had to get someone to help

12   him prepare his petition were an inadequate basis for equitable tolling because Rodriguez failed

13   to make the detailed showing required by Mendoza.)

14          Similarly, on this record, the court is unable to determine whether petitioner can

15   meet his burden to show "(1) that he has been pursuing his rights diligently, and (2) that some

16   extraordinary circumstance stood in his way' and prevented timely filing."  Lawrence v. Florida,

17   549 U.S. 327, 336, 127 S. Ct. 1079, 1085 (2007) (quoting Pace, supra,, 544 U.S.at 418).

18   Movant's conviction became final on October 1, 2009, and, despite lacking certain papers,

19   petitioner was aware that the Ninth Circuit had affirmed his conviction in July 2009.  By his own

20   admission, he did not begin seeking help in filing a habeas petition until February 2010.  (Opp. at

21   7 ("[M]y looking for help happened from February 2010 until July 2010.")  From that point on, it

22   appears that petitioner pursued his rights and met with obstacles (i.e., misinformation about the

23   filing deadline from a prison law clerk, difficulties finding a translator or an inmate who would

24   assist him with his case free of charge) that may constitute "extraordinary circumstances" under

25   Mendoza.  The court cannot determine on the present record whether petitioner's conduct was

26   sufficiently diligent to warrant equitable tolling or whether his language difficulties pursuing his

1  claim rise to the level of "extraordinary circumstances."

2         The undersigned, therefore, will now set this matter for an evidentiary hearing.

3  Having found an evidentiary hearing necessary to determine whether petitioner may be entitled to

4  equitable tolling, pursuant to Rule 8(c), Fed. R. Governing § 2255 Cases, the court must also

5  appoint counsel to represent petitioner for hearing purposes.  Because final resolution of the

6  pending motion must await the outcome of an evidentiary hearing, the court will now, for

7  administrative purposes only, deny the motion, but only on the basis that the denial is without

8  prejudice pending ultimate determination post-hearing.

9         Accordingly, IT IS ORDERED that:

10        1. Respondent's motion to dismiss the petition as untimely, filed on November 18,

11 2010 (Doc. #622), is denied *without prejudice* to its ultimate resolution following the evidentiary

12 hearing, set herein for Monday, September 19, 2011, at 9 a.m., before the undersigned;

13        2.  The Federal Defender is appointed to represent petitioner for purposes of

14 investigating, preparing for and conducting the pending evidentiary hearing; if the Federal

15 Defender has a conflict, panel counsel should be substituted;

16        3.  In addition to respondent's counsel and petitioner pro se, the Clerk of the Court

17 shall serve a copy of this order on the Federal Defender.

18 DATED: 06/06/2011

19                                    /s/ Gregory G. Hollows

20                                    _____
                                      GREGORY G. HOLLOWS
                                      UNITED STATES MAGISTRATE JUDGE

21 GGH:0014
   vald0104..mtd

22

23

24

25

26